20-42-cr
*United States v. Shortt*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of March, two thousand twenty-one.

PRESENT:  PIERRE N. LEVAL,
          JOSÉ A. CABRANES,
          REENA RAGGI,
                    *Circuit Judges.*

---

UNITED STATES,

                    *Appellee,*                          20-42-cr

                    v.

DION SHORTT,

                    *Defendant-Appellant.*

---

FOR APPELLEE:                    MEGAN E. FARRELL (Susan Corkery, *on the brief*), Assistant United States Attorneys, *for* Seth D. Ducharme, Acting United States Attorney, Eastern District of New York, Brooklyn, NY.

FOR DEFENDANT-APPELLANT:         BRIAN A. JACOBS (Kevin Grossinger, *on the brief*) Morvillo Abramowitz Grand Iason & Anello P.C., New York, New York

1

Appeal from a judgment of the United States District Court for the Eastern District of New York (Roslynn R. Mauskopf, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of conviction of the District Court be and hereby is **AFFIRMED**.

Defendant-Appellant Dion Shortt ("Shortt") appeals from a judgment of conviction in the United States District Court for the Eastern District of New York entered on December 27, 2019, following a four-day jury trial. Shortt was convicted of one count of importation of cocaine, 21 U.S.C. §§ 952(a), 960(a)(1), and 960(b)(2)(B)(ii) and 18 U.S.C. § 2 . He was also convicted of possessing cocaine with intent to distribute, 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii)(II) and 18 U.S.C. § 2. He was sentenced to the mandatory minimum term of 60 months' imprisonment and 48 months' supervised release. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

On appeal, Shortt argues that his conviction should be reversed because the evidence supporting the jury's guilty verdict on both counts of the indictment was insufficient; and that the District Court should have granted him a new trial because: (1) the District Court abused its discretion when it did not admit as evidence exculpatory statements he made during two interviews with law enforcement; and (2) the District Court abused its discretion when it permitted the government to offer expert testimony about the role of couriers in drug trafficking organizations. We review a claim of insufficiency of evidence de novo, and denials of a Rule 33 motion for a new trial for abuse of discretion. *United States v. Gallego*, 191 F.3d 156, 161 (2d Cir. 1999). "Rule 33 motions are granted only in extraordinary circumstances, and are committed to the trial court's discretion." *United States v. Escalera*, 957 F.3d 122, 137 (2d Cir. 2020) (internal quotation marks omitted). We discuss each of Shortt's principal arguments in turn.

A.

First, Shortt challenges the sufficiency of the evidence to prove that he knew his suitcase contained drugs at the time he transported it.

We review challenges to the sufficiency of evidence de novo and will uphold a conviction if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Rosemond*, 841 F.3d 95, 113 (2d Cir. 2016) (internal quotation marks omitted). In doing so we "view the evidence in the light most favorable to the government, crediting every inference that could have been drawn in the government's favor, and deferring to the jury's assessment of witness credibility and its assessment of the weight of the evidence." *United States v. Caplan*, 703 F.3d 46, 62 (2d Cir. 2012) (internal quotation marks omitted). A defendant challenging the sufficiency of the evidence therefore "bears a heavy burden, as the standard of review is

2

exceedingly deferential." *United States v. Brock*, 789 F.3d 60, 63 (2d Cir. 2015) (internal quotation marks omitted).

Here, the evidence was plainly sufficient to support the jury's guilty verdict. In addition to the fact that he brought a suitcase with substantial quantities of cocaine concealed in its lining into the country from Trinidad, during questioning, Shortt acknowledged that he knew he was under arrest for cocaine and denied that Customs and Border Protection ("CPB") Officers had told him about the results of tests that were run on the substance. Moreover, we have held that knowledge may be established through "corroborating evidence, such as nervousness, a false statement, or suspicious circumstances." *United States v. Tran*, 519 F.3d 98, 105 (2d Cir. 2008). Here, Shortt's behavior at the airport was suspicious and indicative of awareness that his suitcase contained contraband. When his companion Nataki Lewis took the compromised bag at the baggage claim, he took it from her. Despite having been together in Trinidad, sitting next to each other on the plane, and walking through the airport together, the two behaved as if they did not know each other as soon as Shortt was stopped by a CPB Officer. Shortt told CPB Officer Chung that he was traveling alone. After Shortt was stopped by Officer Chung, Lewis left the terminal without either Lewis or Shortt exchanging a look or a word, as if they were strangers. Finally, the government offered evidence of Shortt's suspicious communications with Sick, with whom he had communicated about transporting "a little something" from Trinidad. App'x 705-706.

B.

Shortt also argues that the District Court abused its discretion when it allowed the government to admit as evidence his statement that he knew he was being arrested for possession of cocaine, but not exculpatory statements he made in that same interview and in a subsequent interview. He argues that these other statements should have been admitted under the "rule of completeness."

As with other evidentiary rulings, we "must limit ourselves to inquiring whether" a district court's application of the rule of completeness "amounted to an abuse of discretion." *United States v. Castro*, 813 F.2d 571, 576 (2d Cir. 1987). The "rule of completeness" provides that "[i]f a party introduces . . . part of a writing or recorded statement, an adverse party may require the introduction at that time, of any other part—or any other writing or recorded statement—that in fairness ought to be considered at the same time." Fed. R. Evid. 106. While Rule 106's formulation omits mention of oral statements, the common law rule of completeness covers "the truncated use of acts, declarations, and conversations." *United States v. Williams*, 930 F.3d 44, 59 (2d Cir. 2019) (emphasis omitted). We are "guided by the overarching principle that it is the trial court's responsibility to exercise common sense and a sense of fairness . . . in instances in which testimony regarding oral statements is elicited in fragments that fail to present the tenor of the utterance as a whole." *Id.* (internal quotation marks omitted). But the "completeness doctrine does not . . . require

introduction of portions of a statement that are neither explanatory of nor relevant to the admitted passages." *United States v. Marin*, 669 F.2d 73, 84 (2d Cir. 1982).

Our review of the record reveals that the District Court did not abuse its discretion when it did not admit Shortt's other statements, which were not necessary to explain his admission nor to dispel a misleading impression as to that admission. *See, e.g.*, *Williams*, 930 F.3d at 60 ("[T]he district court did not abuse its discretion in concluding that Williams's initial claim to know nothing about the gun neither explains his later admissions nor dispels a misleading impression as to them, so that completion was not required.")

C.

As for Shortt's objections to the expert testimony of Investigator Hernandez, we also review a District Court's rulings on the admissibility of expert testimony for abuse of discretion. *Ruggiero v. Warner-Lambert Co.*, 424 F.3d 249, 252 (2d Cir. 2005). If the evidence was not objected to at the District Court, we review for plain error. *See United States v. Brown*, 843 F.3d 74, 81 (2d Cir. 2016). Here, Shortt argues that the District Court erred by allowing expert testimony about the use of couriers in drug trafficking organizations. The only parts of Hernandez's testimony as to which a substantial objection might have been appropriate were not objected to, and those portions did not satisfy the standards for plain error.

**CONCLUSION**

We have reviewed all of the arguments raised by Shortt on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the December 27, 2019 judgment of conviction of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4